IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT R. MOBLEY,

        Plaintiff,

vs.                                            Case No. 21-3193-SAC

ROGER WERHOLTZ,

        Defendant.


**O R D E R**

    Plaintiff, <u>pro se</u>, has filed this action alleging violations of his constitutional rights in relation to his incarceration in the State of Kansas prison system. Plaintiff presents his complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1] He also alleges a violation of 38 U.S.C. § 5301. This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A. The court shall also rule upon plaintiff's pending motion for appointment of counsel. Doc. No. 3.

I. <u>Screening standards</u>

    Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions

alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

## II. The complaint

The complaint (Doc. No. 1) alleges that prison officials took away property plaintiff purchased with Veteran Benefit funds. Plaintiff asserts that the property is exempt from attachment, levy or seizure. The complaint refers to an exhibit (Doc. No. 1-1) which contains a petition in Case No. 2019 CV 29 that plaintiff filed in state court in 2019. According to the petition, plaintiff was told he had to send the property out or it would be destroyed. Plaintiff asks that the Kansas Department of Corrections be ordered to replace some of the property he was not allowed to possess.

## III. Res judicata[2]

Under the doctrine of res judicata or claim preclusion, a prior judgment bars later litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. New Hampshire v. Maine, 532 U.S. 742, 748 (2001). "The principle underlying the rule of claim preclusion is that a

---

[2] Although it is an affirmative defense, res judicata may be raised by the court on its own motion when it is clearly recognizable from the complaint. Kirby v. OCWEN Loan Servicing, LLC, 641 Fed.Appx. 808, 811 n.2 (10th Cir. 2016).

party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." Lenox MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 (10th Cir. 2017)(interior quotation omitted).  There are three elements to claim preclusion:  1) a final judgment on the merits in the earlier action; 2) identity of parties or privies in the two suits; and 3) identity of the cause of action in both suits.  Id.  There is an exception to the application of claim preclusion if the party opposing it did not have a full and fair opportunity to litigate the claim in the prior action.  Id.

Here, plaintiff is bringing the same cause of action against the same defendant as he brought in Case No. 2019 CV 29.  That case was dismissed against plaintiff and the dismissal was affirmed on appeal.  Mobley v. Werholtz, 2020 WL 3481529 (Kan.App. 6/20/2020).  Therefore, the court shall direct plaintiff to show cause why this action should not be dismissed under the doctrine of res judicata or claim preclusion.

IV. Motion for appointment of counsel

Plaintiff has filed a motion to appoint counsel. Doc. No. 3. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004).

4

"It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).

The court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case. This, however, appears to be a relatively simple case. Moreover, for the reasons explained in this order, there appears to be a clear legal defense to plaintiff's claims. Therefore, at this point in time, the court is convinced that appointment of counsel is not warranted.

V. <u>Conclusion</u>

In conclusion, the court finds that this action is subject to dismissal on the grounds of res judicata. The court shall grant plaintiff time until January 14, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented. Failure to respond to this order may result in the dismissal of this case. Finally, the motion to appoint counsel (Doc. No. 3) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 16th day of December 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge